IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LELA WALTER | ) | |
| | ) | |
| v.        **Plaintiff**, | ) | Case No. 8-0536-CV-W-GAF |
| | ) | |
| CLARION MORTGAGE CAPITAL, INC. | ) | |
| | ) | |
| **Defendants**. | ) | |

**OPPOSITION TO DEFENDANT CLARION'S MOTION TO DISMISS
COUNT II OF PLAINTIFF'S FOURTH AMENDED PETITION**

Plaintiff, Lela Walter, prays this court to deny Defendant Clarion's Motion to Dismiss Count II of the 4th Amended Petition because Plaintiff adequately pleads facts to show that the one-year statute of limitations applicable to Plaintiff's RESPA claim was equitably tolled by Defendant's concealment of the kick-back payment until at least February 21, 2006 and pursuant to Fed. R. Civ. P. 15(c) the RESPA claim asserted in Plaintiff's 4th Amended Petition relates back to the filing of the 3rd Amended Petition that was filed August 9, 2006 which was well within the one year limitation period.

**Standard for a Motion to Dismiss**

Plaintiff concurs that a motion to dismiss under Rule 12(b)(6) or Rule 12(b)(1) is treated the same in that the Court must accept the allegations contained in plaintiff's petition as true and all reasonable inferences from the petition must be drawn in favor of the plaintiff. *Breedlove v. Earthgrains Baking Companies, Inc.* 140 F.3d. 797, 798-99 (8th Cir. 1998); See also, *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

**Equitable Tolling applies to RESPA claims**

The U.S. Supreme Court long ago held that "[a]bsent a clear indication to the contrary,

equitable tolling should be read into every federal statute." *See Holmberg v. Armbrecht,* 327 U.S. 392, 396-97, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Defendant cites to a 1986 D.C. Circuit case, *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037 (D.C. Cir. 1986), to support its claim that the time limits of § 2614 are not subject to equitable tolling. The issue of equitable tolling of a RESPA claim has not been reached by the Eighth Circuit but the Seventh Circuit found the *Hardin* ruling to be "inconsistent with Supreme Court precedent" and held that the RESPA statute of limitations in §2614 is subject to equitable tolling. *Lawyers Title Ins. Corp. v. Dearborn Title Corp.,* 118 F.3d 1157, 1166-67 (7th Cir.1997), also see *Mullinax v. Radian Guaranty Inc.,* 199 F.Supp.2d 311, 325 (M.D.N.C.2002). The Ninth Circuit came to the same conclusion that RESPA claims are subject to equitable tolling. *Marcelos v. Dominguez*, Slip Copy, 2008 WL 1820683 (N.D.Cal. 2008). The Third, Sixth, Ninth, and Tenth Circuits have held that the statute of limitation for TILA claims, which the *Hardin* court found "identical in all material respects" to § 2614, was not jurisdictional and could be equitably tolled. See *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499 (3rd Cir. 1998); *King v. California,* 784 F.2d 910 (9th Cir. 1986); *Jones v. TransOhio Savings Ass'n,* 747 F.2d 1037 (6th Cir. 1984); *Perkins v. Johnson*, Slip Copy, 2008 WL 538882 (10th Cir. 2008). The overwhelming authority from the Federal Circuits indicates that §2614 is subject to equitable tolling under the facts as alleged in the 4th Amended Petition.

### Plaintiff's Petition Alleges Facts that Toll the One-Year Statute of Limitations in 12 U.S.C. §2614

Plaintiff's 4th Amended Petition avers facts stating a claim under 12 U.S.C. §2607:

> 35. The same day that Phelps deposited check # 91063 into his account, and without the knowledge of Plaintiff, Phelps made a $2,500 payment to Hartman through a corporation wholly owned by Hartman and his partner and fellow Clarion loan officer, Jeremy Bredwell.

4th Am. Pet at ¶ 35. Plaintiff's petition further avers that the defendant concealed the kickback and

that plaintiff did not come to know about the kickback until February 21, 2006:

37. The $2,500 paid to Hartman from Phelps was paid indirectly through the Hartwell Group which was a corporation set up by Hartman and his partner, Jeremy Bredwell, who were the sole owners.

38. Hartman and Phelps did not disclose to Plaintiff that they had an arrangement where Phelps would make a payment of $2,500 to Hartman in connection with Plaintiff's loan.

39. Plaintiff had no notice or knowledge of the $2,500 payment from Phelps to Hartman.

40. The settlement statement signed by Plaintiff at the closing did not show the $2,500 payment to Hartman.

41. The $2,500 payment did not compensate Hartman for originating the loan or for providing any settlement services as Hartman was paid a commission by Clarion for such services.

42. Plaintiff did not discover the payment to Hartman until February 21, 2006 when her counsel obtained bank records of Defendants Hartman and Phelps through subpoena. Plaintiff could not have discovered the payment through reasonable diligence because the payment was not disclosed in any way and was paid from a bank account maintained in the name of Sandra Williamson, the sister of Phelps.

4th Am. Pet at ¶ 37 – 42. The 4th Amended Petition further states that the 3rd Amended Petition filed August 9, 2006 put defendants on notice of the undisclosed payments.

43. Plaintiff first alleged that the prohibited payments were made by Phelps to Hartman in the Third Amended Petition filed in Rooks et al. v. Clarion Mortgage et al., Case No. 0516CV11992, filed on August 9, 2006 in the Circuit Court of Jackson County … .

4th Am. Pet at ¶ 43. Because § 2614 was equitably tolled by Defendant's concealment of the kickback February 21, 2006 was the first date that Plaintiff could have reasonably discovered the undisclosed payment. Therefore, Plaintiff's 3rd Amended Petition was timely filed on August 9, 2008 within the one year limitation of § 2614.

### Pursuant to Rule 15(c) Plaintiff's RESPA Claim Relates Back to the Filing of the 3rd Amended Petition Because it Arises out of the Same Loan Transaction Complained of in the 3rd Amended Petition

Fed. Rule Civ. P. 15(c) is liberally construed to achieve its purpose of permitting cases to be decided on their merits. See, *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1542 (8th Cir.1996).

Fed. R. Civ. P. 15(c) provides in pertinent part that "[w]henever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *Fuller v. Marx,* 724 F.2d 717, 720 (8th Cir.1984). "The basic inquiry under Rule 15(c) is whether the amended complaint is related to the *general fact situation* alleged in the original pleading, so that it can be said that the defendant had all the notice that statutes of limitations were intended to provide. *In re Bellanca Aircraft Corp.,* 850 F.2d 1275, 1283 (8th Cir.1988) (emphasis added). In this case the alleged kickback payment that forms the basis of Plaintiff's RESPA claim was complained of in the 3rd Amended Petition that was filed on August 9, 2006:

> 183. Concealment of the kick-backs paid by Defendant KC Builders to Clarion's loan officers, Hartman and Bredwell, the very officers who brokered the loans, was an unlawful practice under the Act.

3rd Amended Petition at ¶ 184. Although the above averment asserted that the kick-back violated the Missouri Merchandising Practices Act, it was the same payment and it was on the same loan transaction that are the subject of the 4th Amended Petition that is currently before this Court. As stated by the court in the *Bellanca Aircraft* case, it was the same general fact situation and defendant was on notice of the alleged kickback.

Asserting a violation of RESPA in the 4th Amended Petition that is based on the exact same facts as averred in the 3rd Amended Petition as a violation of the MMPA is plainly permitted by the federal rules. "Rule 15(c) [was] designed to *allow the addition of new claims* provided that there is no unfair surprise or prejudice." *Fuller,* 724 F.2d at 720. Defendant does not argue that it would suffer unfair surprise or prejudice as a result of the RESPA claim. Defendant was on notice of the undisclosed payment at least by February 21, 2006 because counsel for defendant attended the records deposition of the custodian of records of Commerce Bank where Defendant obtained a copy of the bank records that day. On September 19, 2006, subsequent to the filing of the 3rd Amended

Petition Defendant attended the deposition of Robert Hartman and cross examined him. Robert Hartman was the loan officer who handled the loan for Defendant and the person who accepted the undisclosed payment. *See* 4th Am. Pet at ¶ 20. Likewise, on March 12, 2007, Defendant attended the deposition of co-defendant Phelps, the person who made the undisclosed payment, and where Defendant again had the opportunity to inquire into the alleged payment. Defendant does not claim, and in fact cannot claim, that it suffers unfair surprise or prejudice or that it did not know of the operable facts that support Plaintiff's RESPA claim from at least August 9, 2006.

## Conclusion

This Court must deny Defendant's Motion to Dismiss Count II of the 4th Amended Petition because the one-year statute of limitations in §2614 was equitably tolled until February 21, 2006 by Defendant's concealment of the undisclosed payment and pursuant to Fed. R. Civ. P. 15(c) Plaintiff's RESPA claim relates back to August 9, 2006 when Plaintiff filed her 3rd Amended Petition that put Defendant on notice of the undisclosed payment.

Respectfully submitted,

Hentzen Law Firm, A Professional Corporation

By: */s/ Paul K. Hentzen*
Paul K. Hentzen            MO #50754
11551 Granada, Ste 100
Leawood, KS 66211
PH: (913) 451-7900
FAX: (913) 451-7902
E-MAIL: paul@hentzenlaw.com
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

       I hereby certify that on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Steven Martin Aaron, Esq.
Sudabeh M. Wright, Esq.
Husch Blackwell Sanders, LLP
4801 Main Street, Ste 1000
Kansas City, MO 64112
Fax: 816-983-8080
ATTORNEYS FOR DEFENDANT
CLARION MORTGAGE CAPITAL, INC.

Ray E. Sousley, Esq.
Ross & Sousley, LLC
800 Westport Rd.
Kansas City, MO 64111-3145
Fax: 816-421-2420
ATTORNEYS FOR DEFENDANT
DON MICHAEL PHELPS, SR.

Rebecca S. Yocum, Esq.
STINSON MORRISON HECKER, LLP
1201 Walnut St., 22nd Floor
Kansas City, MO 64106
ATTORNEYS FOR DEFENDANT GUNJA

                                                         */s/ Paul K. Hentzen*             .