# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LELA WALTER, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 08-0536-CV-W-GAF |
| CLARION MORTGAGE CAPITAL, INC., et al., | ) |
|         Defendants. | ) |

## PROTECTIVE ORDER

THIS MATTER having come before the Court by stipulation of counsel, after reviewing the facts necessitating entry of a Protective Order limiting the review, copying, or dissemination of confidential or proprietary documents to be produced by Defendant Clarion Mortgage Capital, Inc. ("Clarion") and Defendant Marie Ann Gunja ("Gunja") (collectively "Defendants"), and each party through their respective counsel having consented to the form and entry of the Order:

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order is meant to encompass documents responsive to Plaintiff Lela Walter's ("Plaintiff") First Request for Production of Documents No. 5 served on Clarion in this matter and documents responsive to Plaintiff's Third Request for Production of Documents No. 1 served on Gunja in this matter.

2. Defendants shall produce to Plaintiff's counsel the confidential materials (hereinafter the "Confidential Documents") referred to in paragraph 1 within two (2) days of entry of this Order.

3. Defendants shall, at the time of production, clearly mark all items deemed to contain confidential information with a stamp denoting them as "Confidential."

4. Confidential Documents thus produced and marked shall be for use by Plaintiff in the prosecution of this action only and shall not be used for any other purpose.

5. Only attorneys of record shall view the documents.

6. Counsel for Plaintiff shall maintain the Confidential Documents produced by Defendants in a safe manner and shall safeguard the Confidential Documents and not permit them to be inspected by anyone other than attorneys of record in this matter.

7. Plaintiff or Plaintiff's counsel shall not make additional copies of the Confidential Documents, except such as may be necessary for the trial of this matter.

8. Within thirty (30) days after the termination of this matter and all appeals therefrom (whether by dismissal or final judgment), all Confidential Documents (including all copies) shall be returned to Defendants' respective counsel.

9. Nothing contained herein shall prevent either party from applying to the Court for an order modifying or otherwise altering the provisions of this Protective Order.

10. After the termination of this matter, the provisions of this Order shall continue to be binding, and this Court shall retain jurisdiction over the parties for the sole purpose of enforcement of its provisions.

**IT IS SO ORDERED.**

                                                    s/ Gary A. Fenner
                                                  Gary A. Fenner, Judge
                                                  United States District Court

DATED: July 29, 2009