IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LELA WALTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0536-CV-W-GAF |
| | ) | |
| CLARION MORTGAGE CAPITAL, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendant Clarion Mortgage Capital, Inc.'s ("Clarion") Motion to Reconsider its Motion to Dismiss, arguing its Motion to Dismiss was timely filed. (Doc. #87). The Court agrees and therefore GRANTS Clarion's Motion to Reconsider. In its Motion to Dismiss (Doc. #81) filed pursuant to Fed. R. Civ. P. 12(b)(6), Clarion claims the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601, *et seq.* ("RESPA"), does not apply to the facts of this case. (Doc. #81). Plaintiff Lela Walter ("Plaintiff") opposes. (Doc. # 104). For the following reasons, Clarion's Motion to Dismiss is DENIED in part and GRANTED in part.

## DISCUSSION

**I.    Facts**[1]

---

[1] The Court treats all well-pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party when considering a motion to dismiss. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Accordingly, all facts are taken from Plaintiff's Amended Petition unless otherwise noted.

The present case involves an alleged arrangement between Rob Hartman ("Hartman"), an employee of Clarion,[2] and Defendant D. Michael Phelps, Sr. ("Phelps"), the owner of KC Builders, Inc. ("KC Builders"), wherein Hartman and Clarion received referrals from Phelps for settlement services as well as a $2,500.00 payment and, in return, Hartman secured full payment for Phelps and/or KC Builders on construction contracts prior to any work being completed. In October 2004, Phelps approached Plaintiff regarding construction work on her home. Phelps quoted a price of $11,000.00 for mechanical and electrical work to be done by KC Builders. Because Plaintiff could not afford the construction, Phelps assured her that he could get the work financed. Plaintiff proceeded to sign a contract written by Phelps and filled out a credit application.

A few days later, Hartman met with Plaintiff. She was subsequently approved for a loan, which was paid out in the amount of $13,500.00 in a check issued to KC Builders on November 10, 2004. Hartman allegedly told Plaintiff that payment to KC Builders would be withheld until after the work was completed and Plaintiff signed off on it. However, that same day, KC Builders deposited the check for $13,500.00 and paid $2,500.00 to Hartwell Mortgage Group, a corporation wholly owned by Hartman and his partner. Plaintiff was unaware of this $2,500.00 payment and such payment did not compensate Hartman for origination the loan or for providing any settlement services as Hartman was paid a commission by Clarion for such services.

**II.    Analysis**

Pursuant to RESPA's provision prohibiting kickbacks and unearned fees, persons are barred from giving or accepting (a) "any fee, kickback, or thing of value pursuant to any agreement or

---

[2]Clarion maintains Hartman was not its employee; however, for purposes of this Motion, Clarion concedes this issue is irrelevant. (Doc. #81, n.2).

understanding . . . that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person" or (b) "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(a), (b).

Under the facts as pled by Plaintiff, there can be no question that Clarion, through Hartman, gave a thing of value[3] to Phelps in the form of a full advance payment for construction work in exchange, in part, for a referral of Plaintiff's loan origination[4] to Clarion. Plaintiff has also asserted facts that Phelps gave Hartman, through Hartwell Mortgage Group, a kickback of $2,500.00 in conjunction with the agreement or understanding between Phelps and Hartman. Thus, Plaintiff has stated a plausible claim for relief under § 2607(a). *See Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

However, Plaintiff does not establish Clarion gave any portion, split, or percentage of its charges associated with originating Plaintiff's loan to Phelps or KC Builders. While Plaintiff has stated facts that Phelps and/or KC Builders shared a portion of the loan proceeds with Hartwell Mortgage Group, she has not asserted Clarion or Hartman shared any portion of the charges for settlement services paid to them by Plaintiff with Phelps or KC Builders. Therefore, a § 2607(b)

---

[3]"[T]he term 'thing of value' includes any payment, *advance*, funds, loan, service, or other consideration." 12 U.S.C. § 2602(2) (emphasis added).

[4]"[T]he origination of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans)" falls within RESPA's definition of "settlement services." 12 U.S.C. § 2602(3).

3

claim has not been established.[5] For these reasons, Clarion's Motion to Dismiss is GRANTED with regard to the § 2607(b) RESPA claim and DENIED with regard to the § 2607(a) RESPA claim.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:  **July 30, 2009**

---

[5]While Plaintiff may possess a claim or claims based on the $2,500.00 payment from Phelps to Hartwell Mortgage Group under some other theory (i.e. § 2607(a)), such payment does not fall within the confines of § 2607(b).

4