IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LELA WALTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:08-CV-0536-GAF |
| v. ) | |
| ) | |
| CLARION MORTGAGE CAPITAL, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CLARION MORTGAGE CAPITAL INC.'S
SUGGESTIONS IN SUPPORT OF ITS MOTION FOR
DIRECTED VERDICT AT THE CLOSE OF ALL EVIDENCE**

In support of its Motion For Directed Verdict At The Close Of Plaintiff's Evidence, filed contemporaneously herewith, Clarion Mortgage Capital, Inc. ("Clarion") states as follows:

**INTRODUCTION**

Plaintiff failed to make a submissible case of her claims against Clarion.

In order to make a submissible case on her state-law claim (violation of the Missouri Merchandising Practices Act), Plaintiff must show by substantial evidence each and every fact essential to liability. *Breckinridge v. Meierhoffer-Fleeman Funeral Home, Inc.*, 941 S.W.2d 609, 611 (Mo. Ct. App. 1997). Substantial evidence means competent evidence from which a trier of fact can reasonably decide the case. *Id.* "Liability cannot rest upon guesswork, conjecture, or speculation beyond inference that can reasonably be drawn from the evidence." *Id.*

Similarly, to make a submissible case on her federal-law claim (violation of the Real Estate Settlement Procedures Act), Plaintiff must present a legally sufficient evidentiary basis to support a jury verdict in her favor. *See Mulholland v. Schneider Service Co., Inc.* 661 F.2d 708, 711 (8th Cir. 1981). Plaintiff may not rely on speculation, conjecture, unreasonable inferences or

"or inferences at war with undisputed facts." *J.E.K. Industries, Inc. v. Shoemaker*, 763 F.2d 348, 353 (8th Cir. 1985).

Plaintiff failed to meet this burden on her state-law and federal-law claims against Clarion. She failed to produce the necessary evidence, and a verdict should be directed for Clarion against Plaintiff on each claim.

## ARGUMENT

**I. Plaintiff Failed To Present Substantial Evidence To Support Her Agency Theory Of Recovery Against Clarion.**

To prove agency, Plaintiff was required to show by substantial evidence that Robert Hartman ("Hartman") acted with actual or apparent authority from Clarion. *Lynch v. Helm Plumbing & Elec. Contractors, Inc.*, 108 S.W.3d 657, 660 (Mo. Ct. App. 2002). Plaintiff failed to present such evidence.

**A. Plaintiff Failed To Present Substantial Evidence That Hartman Acted With Actual Authority.**

Actual authority may be expressed or implied. *Id.* Express authority is created from express terms. *Id.* Implied authority is authority inferred from the course of dealing between the alleged principal and agent. *Shelby v. Slepekis*, 687 S.W.2d 231, 235 (Mo. Ct. App. 1985). Implied authority depends upon the actual relationship between the principal and the agent. *Id.* Agency will not be implied because a third person assumed it existed. *Id.*

Plaintiff failed to present substantial evidence that Clarion expressly or impliedly gave Hartman authority to act as its agent.

**B. Plaintiff Failed To Present Substantial Evidence That Hartman Acted With Apparent Authority.**

To establish apparent authority, Plaintiff was required to show by substantial evidence: (1) that Clarion manifested its consent to the exercise of authority or knowingly permitted
KCP-1744380-1

2

Hartman to assume the exercise of that authority; (2) that Plaintiff knew of that fact and, acting in good faith, had reason to believe, and actually believed, that Hartman possessed such authority; and (3) that Plaintiff will be injured if the transaction executed by Hartman does not bind Clarion. *Motorsport Marketing, Inc. v. Wiedmaier, Inc.*, 195 S.W.3d 492, 499 (Mo. Ct. App. 2006). Plaintiff failed to present substantial evidence proving these three essential elements.

First, Plaintiff failed to show that Clarion manifested its consent to, or knowingly permitted, Hartman's exercise of authority to make alleged material misrepresentations.

Second, Plaintiff failed to show that she knew of the facts regarding the relationship between Hartman and Clarion, and that she acted in good faith by believing that Hartman possessed authority from Clarion to make alleged material misrepresentations. Reliance on an alleged agent's authority must be reasonable. *Motorsport Marketing, Inc.*, 195 S.W.3d at 499. It is well-settled that it is not reasonable to rely on the mere declarations of the persons purporting to act as the agent. *Stram v. Miller*, 663 S.W.2d 269, 275 (Mo. Ct. App. 1983).

Third, Plaintiff failed to present substantial evidence that she would suffer injury if the alleged acts of Hartman did not bind Clarion.

  C. <u>Plaintiff Failed To Present Substantial Evidence Establishing That Hartman Acted Within The Scope And Course Of Any Agency Relationship With Clarion.</u>

To hold Clarion liable for the acts of Hartman, Plaintiff was required to show by substantial evidence that Hartman was Clarion's agent and that he acted within the course and scope of that agency. *Corrington Park Assoc., LLC v. Barefoot, Inc.,* 983 S.W.2d 210, 213 (Mo. Ct. App. 1999). Plaintiff, however, failed to present substantial evidence that any act by Hartman was within the course and scope of an agency relationship with Clarion.

D. <u>Plaintiff Failed To Present Substantial Evidence That Hartman Was Anything Other Than An Independent Contractor.</u>

Clarion cannot be liable for the alleged torts, intentional or otherwise, of independent contractors. *Carter v. Wright*, 949 S.W.2d 157, 159 (Mo. Ct. App. 1997). One is not an independent contractor if the alleged principal had a right to control him. *See id.* (setting out factors to consider in determining independent contractor status). Plaintiff failed to present substantial evidence that Clarion controlled or had the right to control how Hartman performed his duties as a loan originator.

II. **Plaintiff Failed To Present Substantial Evidence Of The Essential Elements Of Her Claim Against Clarion Under The Missouri Merchandising Practices Act ("MMPA").**

A. <u>Plaintiff Failed To Present Substantial Evidence Of Damage.</u>

Damage is an essential element of an MMPA violation. *See* Mo. Rev. Stat. § 407.025 (1). MMPA damages are assessed under the "benefit of the bargain" rule which allows Plaintiff to recover the difference between the actual value of what she bargained for and the value if it had been as represented at the time of the transaction at issue. *Sunset Pools of St. Louis, Inc., v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994). Plaintiff has failed to present substantial evidence showing a difference between the actual value of the loan she received from Clarion and the value of the loan if it had been as represented. Plaintiff has thus failed to present substantial evidence that she suffered damage.

B. <u>Plaintiff Failed To Present Substantial Evidence That Clarion Caused Her Alleged Damage.</u>

Causation (of damage) is an essential element of an MMPA violation. *See* Mo. Rev. Stat. § 407.025 (1). Plaintiff failed to present substantial evidence showing how Clarion caused her alleged damage.

C.  Plaintiff Failed To Present Substantial Evidence That Clarion Violated The MMPA.

The MMPA makes it unlawful to employ "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale … of any merchandise." Mo. Rev. Stat. § 407.020. Plaintiff failed to present substantial evidence that Clarion acted in violation of this provision of the MMPA.

**III. Plaintiff Failed To Present Sufficient Evidence Of The Essential Elements Of Her Claim Against Clarion Under The Real Estate Settlement Procedures Act ("RESPA").**

A.  Plaintiff Failed To Present Sufficient Evidence Of An Agreement Between Clarion And K.C. Builders, Inc. ("K.C. Builders") In Violation of RESPA.

RESPA § 2607(a) provides that "[n]o person shall give and no person shall receive any fee, kickback, or thing of value pursuant to an agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred." 12 U.S.C. § 2607(a). Plaintiff failed to present sufficient evidence of an agreement between Clarion and K.C. Builders which violates this provision of RESPA.

B.  Plaintiff Failed To Present Sufficient Evidence That Clarion Gave "A Thing Of Value" To K.C. Builders In Violation Of RESPA.

Plaintiff's RESPA claim is based on the allegation that Clarion, through Hartman, gave a "thing of value" to K.C. Builders in the form of a full advance payment for constructions work in exchange for a referral of Plaintiff's loan origination. Evidence at trial showed that the full advance payment to K.C. Builders was made by Midwest Title Company, Inc. ("Midwest Title"), and required the purchasing lender, Flagstar Bank, and that Clarion merely relayed the payment

from Midwest Title to K.C. Builders. Thus, Plaintiff has failed to present sufficient evidence that Clarion gave K.C. Builders "a thing of value" in violation of RESPA.

      C.    <u>Plaintiff Failed To Present Sufficient Evidence That Payment To K.C. Builders Was For Anything Other Than Bona Fide Services Actually Performed.</u>

No liability may arise under RESPA where payment to a third-party is for bona-fide services actually performed. *See* 12 U.S.C. § 2607(c). Plaintiff failed to present sufficient evidence that payment to K.C. Builders was for anything other than services K.C. Builders actually performed pursuant to its agreement with Plaintiff. Plaintiff's claim that K.C. Builders performed "shoddy" work presents a breach of contract dispute rather than a RESPA violation. *See, e.g., Duggan v. Indep. Mortgage Corp.*, 670 F. Supp. 652, 654 (E.D. Va. 1987) (holding that the plaintiff's claim that a third-party received money for something that it failed to do was a "garden variety breach of contract dispute" rather than a claim under RESPA).

      D.    <u>Plaintiff Failed To Present Sufficient Evidence Of Actual Injury.</u>

Under RESPA's treble damages provision, 12 U.S.C. § 2607(d)(2), Plaintiff's recovery is limited to three times her actual injury—that is, three times the inflated or "kicked-back" portion of the settlement charges. *See, e.g., Durr v. Intercounty Title Co. of Ill.*, 14 F.3d 1183 (7th Cir. 1994) (concluding that RESPA's treble damages provision did not permit the recovery of all of the settlement charges paid by a borrower, but instead only permitted recovery of three-times any alleged overcharges kicked-back to a third party); *see also Moore v. Radiant Group*, 233 F. Supp. 2d 819, 824 (E.D. Tex. 2002); *Morales v. Attorneys' Title Ins. Fund, Inc.*, 983 F. Supp. 1418, 1427-28 (S.D. Fla. 1997). Plaintiff has failed to present sufficient evidence of inflated settlement charges and has thus failed to present sufficient evidence of actual injury.

## CONCLUSION

For the above foregoing reasons, Clarion respectfully moves the Court to direct a verdict for Clarion and against Plaintiff on all claims.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By:  /s/ Joshua M. Ellwanger
Steven Martin Aaron        MO # 41653
Joshua M. Ellwanger        MO # 55012
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (fax)
steve.aaron@huschblackwell.com
josh.ellwanger@huschblackwell.com

ATTORNEYS FOR DEFENDANT
CLARION MORTGAGE CAPITAL, INC.

CERTIFICATE OF MAILING

  I hereby certify that a true and correct copy of the foregoing was filed by CM/ECF this 6th day of January, 2010, which sent electronic notification to:

Paul K. Hentzen, Esq.
Hentzen Law Firm, P.C.
11551 Granada, Suite 100
Leawood, KS 66211
paul@hentzenlaw.com
ATTORNEY FOR PLAINTIFF

Rebecca S. Yocum
1001 E. 101st Terrace, Suite 120
Kansas City, MO 64131
816-531-8188
816-531-8588 Fax
rsy@kc-lawyers.com
ATTORNEY FOR DEFENDANT MARIE GUNJA

Dan S. Spencer, Esq.
Spencer Clark, LLC
100 E. Park, Ste, 207
Olathe, KS 66061
dan@spencerclarklaw.com
Special Administrator of the Estate of D. Michael Phelps, Sr.

            /s/ Joshua M. Ellwanger
            Joshua M. Ellwanger, Attorney